UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICKI NIHART,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL PARK SERVICE, a division on behalf of UNITED STATES DEPARTMENT OF THE INTERIOR,[1]<br><br>　　　　Defendant. | Case No. 2:12-cv-00291-APG-GWF<br><br>ORDER GRANTING DEFENDANT'S MOTION IN LIMINE AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY<br><br>(Dkt. Nos. 34, 39) |

## I.　BACKGROUND

The parties are aware of the factual and procedural background of this case. As relevant here, the Government has moved *in limine* to preclude plaintiff Vicki Nihart's treating physicians from testifying as expert witnesses because Nihart did not disclose them as experts and she did not provide the requisite written report to the Government.[2] The Government seeks to limit the treating physicians' testimony to their observations as percipient witnesses—"the conditions they actually observed and treated."[3]

---

[1] The United States Attorney, counsel for the Defendant, asserts that the Defendant was improperly named and that the "United States" is the proper name. (Dkt. No. 39 at 1.) However, the Defendant has agreed to go to trial under this improper name. The Court refers to the Defendant as the "United States" or the "Government."

[2] (Dkt. No. 34.)

[3] (Dkt. No. 34 at 6.)

## II. ANALYSIS

A treating physician may not testify about injury causation unless she is properly designated an expert witness.[4]

### A. Motion in Limine (Dkt. No. 34)

#### 1. Rule 26(a)(2)

Rule 26(a)(2)(A) requires the disclosure of all expert witnesses. Expert witnesses who are not required to prepare a detailed written report under Rule 26(a)(2)(B), such as treating physicians, must prepare a limited written report under Rule 26(a)(2)(C).[5] The Rule 26(a)(2)(C) report must state "the subject matter on which the witness is expected to present evidence . . . and . . . a summary of the facts and opinions to which the witness is expected to testify." This limited report requirement was added to Rule 26 in 2010; previously, experts who were not required to prepare a detailed report under Rule 26(a)(2)(B) either did not prepare any report at all or were compelled by courts to prepare a Rule 26(a)(2)(B) report anyway.[6]

#### 2. Rule 37(c)(1)

Rule 37(c)(1) states that if a party fails to identify a witness or provide information as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence at trial unless the failure was substantially justified or is harmless. The rule also states that "in addition to or instead of this sanction," courts may order payment of reasonable expenses, including attorney's fees caused by the failure, and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(v). The burden is upon the disclosing party to show that the failure to disclose information or witnesses was justified or harmless.[7]

---

[4] *St. Vincent v. Werner Enterprises, Inc.*, 267 F.R.D. 344, 345 (D. Mont. 2010); *Tumbling v. Merced Irrigation Dist.*, 2010 WL 1904836 at *2 (E.D. Cal. May 7, 2010); 6 CLIFFORD S. FISHMAN & ANNE T. MCKENNA, JONES ON EVIDENCE § 39:12 (7th ed. 2013); *see* FED. R. CIV. P. 26, advisory committee's notes, 2010 Amendments.

[5] FED. R. CIV. P. 26(a)(2)(C); *see Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012).

[6] *See* FED. R. CIV. P. 26, advisory committee's notes, 2010 Amendments.

[7] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

Rule 37(c)(1) does not require courts, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless.[8] The Ninth Circuit has identified five factors that courts may consider in deciding whether to impose Rule 37(c)(1)'s exclusion sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [other parties]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[9][10]

Although a finding of willfulness or bad faith is not required in order to impose the evidence preclusion sanction, willfulness or bad faith is clearly a factor in deciding the appropriate level of sanction.[11] However, if the sanction—such as excluding a witness—amounts to dismissal of a claim, the district court must "consider whether the claimed noncompliance involved willfulness, fault, or bad faith . . . and . . . the availability of lesser sanctions."[12]

Nihart argues that her failure to comply with Rule 26(a)(2) was substantially justified and harmless, and that excluding all of her treating physicians would amount to dismissing her case. She is incorrect.

### a. Substantial Justification

Nihart attempts to justify her noncompliance by arguing that to determine the exact opinions of her treating physicians would have required substantial costs—at least $3,500 per physician.[13] Rule 27(a)(2)(C), however, does not require "exact" opinions. The rule requires

---

[8] *See Design Strategy, Inc. v. Davis*, 469 F.3d at 284, 296, 298 (2d Cir. 2006); *Allstate Ins. Co. v. Nassiri*, 2011 WL 2977127 at *5–6 (D.Nev. 2011).

[9] *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir.1997).

[10] More recently, in an unpublished disposition, the Ninth Circuit articulated a four-factor analysis: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). The Court applies the factors as articulated in *Wendt* because it is a published opinion. However, the result of the analysis would be the same under the *Lanard* factors, which ask substantially the same questions as the *Wendt* factors.

[11] *See Hoffman v. Const. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

[12] *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

[13] (Dkt. No. 38 at 8–9.)

disclosure of only "the subject matter" of the expected testimony and "a summary of the facts and opinions to which the witness is expected to testify." Moreover, it is difficult to understand how Nihart intends for her treating physicians to testify as to causation if she has not yet prepared the information required by Rule 27(a)(2)(C). And if she has that information in hand, there is no apparent reason why she could not have provided it to the Government, even if that effort was untimely as an attempt to cure her prior noncompliance. In short, Nihart's cost concerns do not amount to substantial justification.

### b. Harmless

Nihart contends her noncompliance was harmless because (1) the Government knew that she intended to call her treating physicians to testify about causation, based on conversations between counsel and on the content of her previous administrative claim; (2) armed with this knowledge, the Government failed to request a supplemental Rule 26(f) disclosure; (3) the Government had "limitless time" to prepare for trial with the knowledge of Nihart's intent to use these witnesses to establish causation; and (4) the Government never requested any additional information about these witnesses.

Nihart's argument fails for several reasons. First, the Government does not have the burden to request supplemental Rule 26(f) disclosures. The burden was on Nihart to comply with Rule 26(a)(2)(A) and (C). Second, even if Nihart had communicated her intent to call her treating physicians as experts, her affirmative designation of Dr. Gary J. La Tourette as an expert witness implied that she chose not to designate her treating physicians as experts.[14] Her designation of Dr. La Tourette also implies that she understood how to comply with Rule 26(a)(2)(A) and (C).

Third, allowing these witnesses would delay the litigation and negatively impact the Court's docket. Discovery closed long ago, and the case is ready for trial.

Fourth, the Government certainly would be prejudiced by allowing these witnesses to testify as experts. The Government would have to determine whether to depose the newly-

---

[14] *Cf. Lares v. W. One Bank (Idaho) (In re Lares)*, 188 F.3d 1166, 1169 ("[T]he specific mention of one thing implies the exclusion of another [related thing]." (internal quotation marks and citation omitted)).

designated experts, and whether to find, prepare and designate rebuttal experts. If the Government's experts prepared full reports under Rule 26(a)(2)(B), Nihart would then need the opportunity to examine those reports and determine how to respond and whether to conduct additional discovery.

Fifth, disallowing the treating physicians as experts would not foreclose the disposition of the case on the merits. Dr. La Tourette is designated to testify on Nihart's behalf as to causation. Thus, the treating physicians are not Nihart's only evidence as to causation, so granting the Government's motion does not amount to dismissing Nihart's claim.

Finally, although less drastic sanctions are within the Court's discretion, excluding the treating physicians as experts is appropriate. The case is ready for trial, and the Court and the Government would be significantly prejudiced by further delays. Moreover, Rule 37(c)(1) calls for that precise sanction. Although there is no indication of bad faith by Nihart, the other factors overwhelmingly counsel in favor of granting the Government's motion.

**B.    Motion for Leave to File Reply (Dkt. No. 39)**

The Court grants this motion because Nihart raised new arguments in her reply.

### III.    CONCLUSION

For the reasons set forth above, the Court hereby ORDERS:

1. The motion in limine (Dkt. No. 34) is GRANTED. Nihart's treating physicians may testify only as percipient witnesses.

2. The motion for leave to file a reply (Dkt. No. 39) is GRANTED.

DATED this 10th day of April, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE