DANIEL G. BOGDEN
United States Attorney
District of Nevada
ROGER W. WENTHE
NADIA J. AHMED
Assistant United States Attorneys
U.S. Attorney's Office
333 Las Vegas Boulevard South, Suite5000
Las Vegas, Nevada 89101
Ph: 702-388-6336
Fax: 702-388-6787
Email: roger.wenthe@*usdoj.gov*
        *nadia.ahmed@usdoj.gov*

Attorneys for the United States.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VICKI NIHART, | ) Case No.: 2:12-cv-291-APG-GWF |
| Plaintiff, | ) |
| v. | ) |
| NATIONAL PARK SERVICE, *et al.*, | ) |
| Defendants. | ) |

## DEFENDANT'S MOTION TO EXCLUDE SECOND AND THIRD OPINIONS OF DR. LATOURETTE

Defendant United States, incorrectly named in the caption as "National Park Service," pursuant to Fed. R. Civ. P. 26(a)(2)(B) and 37(c), requests the Court to prohibit Plaintiff's expert witness Gary LaTourette, M.D., from providing expert testimony regarding the second and third opinions identified in his letters to Plaintiff's counsel in this matter, because those opinions were not properly disclosed.  In support of its motion, the United States presents its attached memorandum of points and authorities

Dated: September 2, 2014.

DANIEL G. BOGDEN
United States Attorney

*/s/ Roger W. Wenthe*
ROGER W. WENTHE
Assistant United States Attorney

1

DANIEL G. BOGDEN
United States Attorney
District of Nevada
ROGER W. WENTHE
NADIA J. AHMED
Assistant United States Attorneys
U.S. Attorney's Office
333 Las Vegas Boulevard South, Suite5000
Las Vegas, Nevada 89101
Ph: 702-388-6336
Fax: 702-388-6787
Email: roger.wenthe@*usdoj.gov*
        nadia.ahmed@usdoj.gov

Attorneys for the United States.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VICKI NIHART, | ) |
| Plaintiff, | ) Case No.: 2:12-cv-291-APG-GWF |
| v. | ) |
| NATIONAL PARK SERVICE, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO
EXCLUDE SECOND AND THIRD OPINIONS OF DR.
LATOURETTE**

Plaintiff failed to disclose the facts and data underlying the second and third opinions identified by her proposed medical causation expert, Dr. LaTourette, as required by Fed. R. Civ. P. 26(a)(2)(B)(ii). Therefore, pursuant to Rule 37(c)(1), Plaintiff is automatically barred from presenting those two opinions through Dr. Latourette.

## I.   BACKGROUND

Dr. LaTourette was identified as an expert witness on the subject of the medical causation of Plaintiff's medical conditions in February 2013. The report prepared by Dr. LaTourette, a copy of which is attached hereto as Exhibit A, contained three

separate opinions, in the form of a letter dated January 21, 2013; a first "Addendum" dated February 4, 2013; and a second "Addendum" dated February 12, 2013.  (See Ex. A.)  The relevant opinions described in these three documents, and the factual basis given for each, are as follows:

| Date | Opinion | Factual Basis |
|---|---|---|
| 1/21/13 | "She underwent bilateral foot hammertoe correction [which] was not causally related to her trip and fall of 08/15/10." | Medical records from 2010 and 2011 described on pages 1-3 of letter, and physical examination of Plaintiff. |
| 2/4/13 | "It is my opinion that the left foot injuries were a direct result of the 08/15/10 accident when she tripped on boat ramp and her need for surgery was related to that accident. ... I would need more past history and more information on the right foot to relate the injuries of 08/15/10 to the right foot." | "More records have come to my attention . . . " |
| 2/12/13 | "[T]he fall of 08/15/10 is the cause of the patient's disabilities and her need for surgery to both feet." | "The records are not replete with written documentation of the etiology of Vicki Nihart's right foot problems. . . . In conclusion, though there is spare documentation in written form, there is adequate documentation verbally from the patient and her doctor to come to the conclusion . . . ." |

## II.    ARGUMENT

### A.    The Legal Standard

Full disclosure is required prior to the close of discovery regarding any opinion testimony a witness is expected to present as an expert under Fed. R. Evid. 702, 703,

or 705. Fed. R. Civ. P. 26(a)(2)(A). If the witness is "one retained or specifically employed to provide expert testimony in the case," Fed. R. Civ. P. 26(a)(2)(B) requires providing a written report with several required elements.  The most relevant of these elements for this motion is Rule 26(a)(2)(B)(ii), which requires the expert's report to contain "the facts or data considered by the witness in forming" his opinions.

Rule 37(c)(1) provides for automatic exclusion of opinion testimony not properly disclosed in accordance with Rule 26(a), stating:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . .  at a trial, unless the failure was substantially justified or is harmless.

**B.    Plaintiff Failed to Make the Required Disclosure For Dr. LaTourette's Second and Third Opinions.**

The United States does not seek to bar the opinions stated in Dr. LaTourette's initial letter of January 21, 2013, because the factual basis for those opinions was properly disclosed on pages 1-3 of that letter.  However, the United States does seek to bar testimony regarding Dr. LaTourette's second and third opinions (which are inconsistent with the first and with each other), identified in the "Addendums" of February 4 and 12, 2013, because the facts and data he considered in forming them (if any) have never been disclosed.

1.    <u>The Second Opinion</u>

As shown above, although his first, fully disclosed opinion stated that none of Plaintiff's foot injuries were related to her fall, Dr. LaTourette's second opinion states that the left foot injuries were related to the fall and that he could not tell whether the right foot injuries were related to the fall.  Since this opinion differs from the first opinion, in the January 21, 2013, letter, it clearly must have been based on something other than the sources listed in the first letter.  But those additional sources are not identified.  Instead, Dr. LaTourette says only: "More records have come to my

4

1  attention . . . ."  (See Ex. A.)  That is insufficient to satisfy Rule 26(a)(2)(B)(ii)'s

2  requirement that his report identify "the facts or data considered" in forming that

3  opinion.

4       A nearly identical situation was considered in *Schenk v. Novartis*

5  *Pharmaceuticals Corp.,* 2014 WL 3656904 *4-5 (D. Ariz. 2014).  There, the plaintiff

6  in a personal injury action served two reports of its proposed medical causation expert

7  on the defendant.  The reports contained only the following as an identification of the

8  "facts or data considered:" "I have reviewed copies of medical records and copies of

9  deposition testimonies as indicated in the attached sheets.  I have also reviewed CT

10  scans taken of Mr. Schenk at the Navopage facility."  The court held that the expert

11  had failed to satisfy Rule 26 (a)(2)(B)(ii), stating:

12          Dr. Marx states that he formed his opinion based on Schenk's medical records
            but gives no indication of the content of the records reviewed.  The records
13          identified in the attachment to the Report are labeled only "Medical Records"
            and it is not possible to infer the type or quantity of medical records reviewed. .
14          . . Its noncompliance with Rule 26(a)(2)B) is neither harmless nor justifiable.
            Accordingly both Dr. Marx's . . . Reports will be stricken.  It follows that Dr.
15          Marx's specific causation opinions will be excluded from the remainder of this
16          action.  *See* Fed.R.Civ.P. 37(c).

17       Just as the plaintiff's expert in the *Schenk* case did, Dr. LaTourette in his second

18  opinion made only a general reference to having reviewed "[m]ore records," without

19  ever identifying what they were, their dates, or their contents.  His second opinion

20  should be barred for the same reasons the court barred the expert's opinions in *Schenk.*

21       A similar ruling was made in *Cooke v. Town of Colorado City,* 2013 WL

22  551508 *4 (D. Ariz. 2013), where the court held that the information provided

23  regarding medical experts was insufficient under Rule 26(a)(2)(C) because it

24  "fails to state *what the opinions are*, and the factual basis for those opinions."  *Id.*

25  (emphasis in original).  The court explained: "The purpose of the Rule 26(a)(2)(C)

26  requirement is to allow the party in receipt of the disclosure to be able to read the

27  disclosure and immediately be able to identify whether it needs a responsive witness

28

and the information that such responsive witness would need to address. Such an assessment would be impossible based on Plaintiffs' and Plaintiff–Intervenor's disclosures regarding Dr. Alcott." *Id.* The court found that since the failure to disclose was neither substantially justified nor harmless, Rule 37(c)(1) automatically excluded the proposed opinion testimony.

Attempts to offer opinion testimony without making the required disclosures were also rejected in *Ibey v. Trinity Universal Ins. Co.,* 2013 WL 4433796 *2 (D. Mont. 2013) (offering party cannot comply with Rule 26(a)(2)(C)'s requirements by "making a broad, generic reference to previously disclosed discovery documents;" Rule 37(c)(1) "gives teeth" to Rule 26(a)'s disclosure requirements); and *DeGuzman v. United States,* 2013 WL 3149323 *3 (E.D. Cal. 2013) ("[T]he submission of plaintiff's medical records does not meet Rule 26(a)(2)(C)'s disclosure requirement.").

2.   The Third Opinion

In his Addendum of February 12, 2013, Dr. LaTourette changed course yet again and opined that the surgeries on *both* of Plaintiff's feet were related to her fall. But once again, he failed to disclose what new facts or data he had supposedly acquired that would justify that change in opinion. He even admitted that "[t]he records are not replete," and that he had come to his newest conclusion based on unspecified information obtained "verbally from the plaintiff and her doctor," also failing to even identify which doctor he meant.

This disclosure is deficient for the same reasons that the disclosure for the second opinion is deficient. It is not possible for the Defendant to identify who said what to whom that may have caused Dr. LaTourette to change his opinion 180% from January 21 to February 4 to February 12. The purposes of expert discovery, to identify expert opinions and all of their factual bases, while discovery is still open, are evaded by such a disclosure. Since Plaintiff also cannot

6

1  show that this failure of disclosure was either substantially justified or harmless,

2  the third opinion is also barred by Rule 37(c)(1).

3  **III.   CONCLUSION**

4      Because plaintiff did not disclose the facts supporting Dr. LaTourette's second

5  and third opinions, those opinions should be excluded from trial by the automatic bar

6  of Rule 37(c)(1).

7  Dated: September 2, 2014.

8
                                            DANIEL G. BOGDEN
9                                           United States Attorney

10                                           */s/ Roger W. Wenthe*
                                            ROGER W. WENTHE
11                                           Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Roger W. Wenthe, certify that the following individuals were served with copies of the foregoing document, on the date shown, by the below identified method if service:

Electronic Case Filing:

Cliff W. Marcek, Esq.
700 S. Third St.
Las Vegas, NV  89101

Dated:  September 2, 2014

                                        */s/ Roger W. Wenthe*
                                        ROGER W. WENTHE
                                        Assistant United States Attorney