UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICKI NIHART, | Case No. 2:12-cv-00291-APG-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| NATIONAL PARK SERVICE, *et al.,* | |
| Defendants. | |

The Government offered into evidence Defendant's Proposed Exhibit 501, which is a July 28, 2011 letter from Vicki Nihart's attorney to the Department of the Interior. The parties agree that this letter satisfies the requirement of the Federal Tort Claim Act that Ms. Nihart must present her claim to the Government before filing a lawsuit. Because there is no dispute about Ms. Nihart's exhaustion of her administrative remedies, the letter has no relevance to that issue.

The Government offers the letter, primarily, to contradict Ms. Nihart's claim (and testimony) that the surgery on her left foot hammertoe was causally-connected to the incident and medically necessary. (Dkt. #70 at 2:17-18.) That use is expressly prohibited by Federal Rule of Evidence 408(a). That Rule prohibits the admission of evidence of compromise offers "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." The letter constitutes an offer to compromise. The Government's proposed use falls squarely within the constraints of Rule 408.

The fact that the letter is a party admission under Rule 801(d)(2)(C) is irrelevant. Almost every offer to compromise can be considered an admission by a party opponent. The Government's argument on this point would render Rule 408 nugatory. "[W]hen the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers." *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987).

/ / / /

For the foregoing reasons, Defendant's Proposed Exhibit 501 will not be admitted into evidence.

Dated: October 2, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE